# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 12-154V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Estate of HENRY NOLDE, *by and through his Son,* RONALD NOLDE, *as Personal Representative*,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: September 26, 2014

Decision by Stipulation; Attorneys' Fees & Costs

*Isaiah R. Kalinowski*, Maglio Christopher and Toale, PA (D.C.), for Petitioner.

*Tara Kilfoyle*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On March 6, 2012, Henry Nolde filed a petition seeking compensation under the National Vaccine Injury Compensation Program. Following Henry Nolde's death on March 14, 2012, Ronald Nolde (as personal representative of the estate of Henry Nolde) was substituted as Petitioner, and an amended petition was filed on June 26, 2012. On July 22, 2014, the parties filed a stipulation detailing an amount to be awarded to Petitioner. I subsequently issued a decision finding the parties' stipulation to be reasonable and granting Petitioner the award outlined by the stipulation.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

On September 25, 2014, counsel for both parties filed another stipulation, this time regarding attorneys' fees and costs. The parties have stipulated that Petitioner's counsel should receive a lump sum of $31,000.00, in the form of a check payable to Petitioner and Petitioner's counsel. This amount represents a sum to which Respondent does not object. Additionally, the parties have stipulated that Petitioner incurred $125.00 in pursuit of this claim (paid to local estate counsel), and thus Petitioner should receive a lump sum of $125, in a check payable to Petitioner himself.

I approve the requested amount for attorneys' fees and costs, as well as the requested amount for Petitioner's out-of-pocket expenses, as reasonable. Accordingly, an award of $31,000.00 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Isaiah Kalinowski, Esq., which shall be forwarded to the main offices of Maglio, Christopher & Toale, located at 1605 Main Street, Suite 710, Sarasota, Florida 34236; and an award of $125.00 should be made in the form of a check payable to the Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[2]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.